UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jason Douglas Oman,

        Petitioner,

                                                                                                 Civil No. 06-5121 (JNE)
v.                                                                              Crim. No. 04-77 (JNE)
                                                                              ORDER

United States of America,

        Respondent.

      Petitioner Jason Oman moves this Court to vacate, set aside, or correct his conviction pursuant to 28 U.S.C. § 2255.  Petitioner raises four claims in his motion: (1) he was denied effective assistance of counsel in violation of his Sixth Amendment rights; (2) his trial counsel's consent to the stipulation of the FDIC-insured status of the victim banks deprived him of his due process right to proof beyond a reasonable doubt; (3) the admission of evidence of his prior drug use violated Federal Rule of Evidence 404(b); and (4) the cumulative effect of prosecutorial misconduct during trial deprived him of his due process right to a fair trial.  For the reasons set forth below, the petition is denied.  Moreover, because the record conclusively shows that Petitioner is not entitled to relief, the Court denies Petitioner's motion for an evidentiary hearing. *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).  The Court has also considered Petitioner's request for counsel.  Pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts, because no evidentiary hearing is necessary, the court is not required to appoint Petitioner counsel.  Because Petitioner has demonstrated the ability to investigate the necessary facts necessary and to articulate them in a meaningful fashion, the Court concludes the interest of justice does not require appointment of counsel in this instance.  *See* 18 U.S.C. § 3006A(a)(2)(B) (providing that counsel may be appointed if "the interests of justice so require").  Accordingly, the Court denies Petitioner's motion for

1

appointment of counsel.  *See Hale v. N. Little Rock Housing Auth.*, 720 F.2d 996, 997-98 (8th Cir. 1983).

I.      BACKGROUND

In August 2004, a United States grand jury returned a two-count superseding indictment charging Oman with two separate counts of bank robbery and aiding and abetting bank robbery in violation of 18 U.S.C. §§ 2, 2113(a).  On September 27, 2004, a trial on the superseding indictment began and the government presented the testimony of witnesses, videotape and surveillance photographs, and physical evidence.  A co-defendant who had previously pled guilty to one of the charged robberies testified against Oman.  The Court admitted evidence of Oman's prior bank robbery convictions pursuant to Federal Rule of Evidence 404(b).  Oman testified on his own behalf and presented the testimony of two purported alibi witnesses.

On September 30, 2004, a jury convicted Oman of both counts of bank robbery.  The Court then sentenced Oman to 188 months of imprisonment on each count.  The sentences are being served concurrently.  Petitioner's conviction and sentence were affirmed in all respects on appeal.  *United States v. Oman*, 427 F.3d 1070 (8th Cir. 2005), *cert. denied*, 547 U.S. 1047 (2006).  Within one year of the denial of his petition for a writ of certiorari, Oman filed the present motion under 28 U.S.C. § 2255.  *See* Rule 3(d), Rules Governing Section 2255 Proceedings.

II.     DISCUSSION

28 U.S.C. § 2255 allows a prisoner whose "sentence was imposed in violation of the Constitution or laws of the United States" to "move the court which imposed the sentence to vacate, set aside or correct the sentence."  There are restrictions on the ability of the defendant to raise claims under section 2255.  "A petitioner … cannot raise a nonconstitutional or

nonjurisdictional issue in a § 2255 motion if the issue could have been raised on a direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). For constitutional and jurisdictional claims, "[a] defendant who has … fail[ed] to raise [a claim] on direct review may raise that claim in a Section 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence."[1] *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). The defendant has the burden of showing "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

    A.    **Ineffective assistance of counsel**

Oman claims he was deprived of his Sixth Amendment right of effective assistance of counsel. The United States Constitution guarantees that the accused "shall enjoy the right … to have the Assistance of Counsel" in criminal prosecutions. U.S. Const. amend. VI. However, in order to prevail on an ineffective assistance of counsel claim under section 2255, a defendant must overcome a "heavy burden." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). In order to overcome that burden, a defendant must first "show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency must be "so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.* Second, the defendant must establish that the deficient performance actually prejudiced the defense. *Id.*; *see also Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988). The defendant must prove both prongs of the test. *Apfel*, 97 F.3d at 1076.

---

[1]    Oman does not assert actual innocence.

3

In order to establish that there was a deficient performance, the defendant must show that the errors were not the result of a "reasonable professional judgment." *Strickland*, 466 U.S. at 690. In doing so, the defendant runs up against a strong presumption "that counsel … rendered adequate assistance. *Id.* To satisfy the prejudice prong, the defendant must prove that the "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. Thus, the defendant must prove, with "a probability sufficient to undermine confidence in the outcome," that "but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

*Pretrial counsel*

Petitioner claims his pretrial attorney provided ineffective assistance by failing to advise him of his right not to testify at his preliminary detention hearing. Petitioner testified at the hearing about being outside one of the victim banks. Petitioner now claims that he became confused and did not realize that when he was testifying about being outside a bank, the bank to which he was referring was not in the same city where the robbery occurred. Petitioner claims that he was never near the bank that was robbed and that, but for counsel's failure to advise him of his Fifth Amendment right not to testify, he never would have given the testimony that was subsequently used to impeach him.

Petitioner's preliminary hearing testimony casts grave doubt on Petitioner's claims of confusion and misunderstanding. The record contains no evidence that Petitioner did not understand the location of the bank he testified about or that he referred to the incorrect city in his testimony about being outside of a bank. Moreover, Petitioner did not raise the issue of confusion or misunderstanding in his preliminary hearing testimony in any submissions to the Court prior to trial. Petitioner also admits that he was able to explain any misunderstandings

about the location of the bank in his preliminary hearing testimony to the jury during his trial. On this record, Petitioner has failed make the requisite showing that the prejudicial effect of the alleged error by his pretrial counsel affected the outcome of the trial. The Court need not address the reasonableness of counsel's conduct to conclude that this ineffective assistance claim is without merit. *See Apfel*, 97 F.3d at 1076 ("Because the failure to establish prejudice can be dispositive of a case, [the Court] need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice.").

*Trial counsel*

Petitioner raises numerous allegations of trial counsel's ineffective assistance. None of the claims, however, sufficiently establish that there was a sufficiently deficient performance by trial counsel, or that any error that did occur was so serious as to deprive the defendant of a trial whose result is reliable.

First, Petitioner's claim that trial counsel's stipulation to the federally insured status of the victim banks unconstitutionally relieved the government of its burden of proof is without merit because trial counsel's decision to stipulate to this fact was reasonable. *See Poole v. United States*, 832 F.2d 561, 564 (11th Cir. 1987) (holding that "counsel for the defendant can stipulate to the insured status of the banks without a formal waiver by the defendant"). Petitioner, himself, acknowledges that there were multiple sources of proof of this fact. Further, Petitioner has not shown that but for the stipulation that the victim banks were federally insured, Petitioner would not have been convicted of the bank robberies. *See Apfel*, 97 F.3d at 1076.

Next, Petitioner's claim that trial counsel was ineffective for failing to object to several instances of prosecutorial misconduct during his trial court proceedings fails to establish a claim for ineffective assistance of counsel. First, Petitioner makes no showing of how he was

prejudiced by his attorney's failure to object to the introduction of evidence of Petitioner's prior drug use under Federal Rule of Evidence 404(b).  *See Evans v. Lock*, 193 F.3d 1000, 1003 (8th Cir. 1999) (finding admission of 404(b) evidence harmless where petitioner failed to show "substantial and injurious effect or influence in determining the jury's verdict").  Indeed, Petitioner testified on direct examination about his prior drug use to establish an alibi for the second robbery, and he sought to impeach government witnesses through references to group drug use.

Petitioner's claim of prosecutorial misconduct regarding the prosecutor's reference to Petitioner's prior bank robbery convictions during trial is unsupported by the record.  Rather, the record indicates that the Court granted the government's motion in limine to introduce testimony relating to these prior convictions, only requiring that their total number be redacted.  Although Petitioner alleges that his trial counsel failed to object when the government attorney said that Petitioner committed robberies "seven times" in the past rather than the "several times," nothing in the record supports the occurrence of any such misstatement by the prosecutor.

Petitioner's various claims that his counsel failed to object to the prosecutor's misstatements of certain evidence, improper remarks, and improper vouching for witnesses are also insufficient to establish ineffective assistance of counsel.  First, Petitioner fails to sufficiently demonstrate the occurrence of prosecutorial misconduct by the prosecutor at trial. *See Stringer v. Hedgepeth*, 280 F.3d 826, 829 (8th Cir. 2002) ("To amount to a due process violation, improper remarks by a prosecutor must be so egregious that they fatally infect[] the proceedings and render[] [a defendant's] entire trial fundamentally unfair." (quoting *Moore v. Wyrick*, 760 F.2d 884, 886 (8th Cir. 1985))).  In addition, even if the prosecutor committed misconduct as Petitioner alleges, Petitioner has failed to meet his burden of establishing how he

6

was prejudiced by trial counsel's failure to object to any such conduct. *Strickland*, 466 U.S. at 687. Petitioner's unsupported allegations that prosecutorial misconduct affected the result at trial are simply not credible in light of the overwhelming evidence of guilt in this case. *Oman*, 427 F.3d at 1076.

Petitioner next claims his trial counsel was ineffective because he failed to object to the admission of evidence of Petitioner's prior drug use at trial. For the reasons discussed above in the context of prosecutorial misconduct, the Court concludes that the Petitioner was not prejudiced by the admission of this evidence. Nor was trial counsel ineffective in failing to object to the admission of Petitioner's preliminary hearing statement at trial. Petitioner's preliminary hearing testimony was admissible as non-hearsay under Federal Rules of Evidence 801(d)(1).

Next, Petitioner contends his trial counsel's failure to pursue certain witnesses was ineffective assistance. Petitioner specifically refers to a witness on a prison bus who he claims overheard a co-conspirator admit that he was fabricating the story that incriminated Petitioner. The tactical decision not to call a witness is ordinarily not viewed as a lapse in professional representation. *United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir. 1997). "[W]hen a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable." *Strickland*, 466 U.S. at 691. Moreover, Petitioner fails to make a satisfactory showing of prejudice, as trial counsel cross-examined Petitioner's co-conspirator and the individual he was attempting to protect with the allegedly fabricated story. Finally, the Court has previously reviewed and denied Petitioner's contentions regarding the source of damaging letters sent from Petitioner to his roommate. Petitioner admitted during his trial testimony that he

authored the letters. Trial counsel's decision not to pursue the letters at trial was clearly a strategic decision that does not rise to the level of ineffective assistance of counsel. *See Boyd v. Minnesota*, 274 F.3d 497, 502 (8th Cir. 2001) (indicating "strategic choices of trial counsel are entitled to great deference").

Petitioner also contends that trial counsel shared privileged documents with the government, and that counsel failed to correct the record to reflect two bench conferences that were not transcribed by the court reporter. In both cases, Petitioner supports his allegation only through his own self-serving affidavit. Moreover, Petitioner fails to articulate how the alleged errors prejudicially affected the outcome of trial. *Strickland*, 466 U.S. at 694.

Finally, Petitioner's allegations that trial counsel failed to adequately consult with him are without merit. Petitioner does not show how additional consultation would have changed the outcome of the trial, and has thus failed to establish the required prejudice for any claimed error. *See United States v. Mealy*, 851 F.2d 890, 908 (7th Cir. 1988). In sum, Petitioner has failed to sufficiently demonstrate a single meritorious claim for his ineffective assistance of trial counsel claim. *See Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006) (rejecting reliance on cumulative effect of counsel's errors in establishing ineffective assistance as each claim must stand and fall on its own).

*Appellate counsel*

Petitioner also alleges his appellate counsel provided ineffective assistance. First, he claims that appellate counsel failed to raise certain arguments on appeal. However, "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). Counsel will frequently "winnow out" weaker

claims to focus on those more likely to prevail. *Smith v. Murray*, 477 U.S. 527, 536 (1986). Petitioner's vague references to motions filed at trial and his general references to the arguments discussed in his habeas petition do not provide a satisfactory showing of ineffective assistance of appellate counsel.

Petitioner also asserts that appellate counsel failed to raise several claimed inconsistencies in the trial record. Here, Petitioner renews his allegations concerning missing transcripts of two alleged bench conferences and transcript errors involving the government's questions about his prior robberies. As discussed previously, both allegations are without merit. Petitioner also claims that there was an un-transcribed third jury question asking whether the members of the jury could stay as late as needed to reach a final verdict. Petitioner claims that the verdict was tainted by the Court's determination that the jury would deliberate "only" until 6:00 p.m. before returning the next day. This claim does not support a finding of ineffective assistance of counsel.

Petitioner's claim that appellate counsel erroneously informed the appellate court that Petitioner was sentenced under the Armed Career Criminal Act rather than the U.S. Sentencing Guidelines, while accurate, does not support a finding of ineffective assistance of counsel. This error was harmless as the Eighth Circuit Court of Appeals corrected appellate counsel's citation error and issued its opinion on the merits of the sentencing argument presented. *Oman*, 427 F.3d at 1076 n.2.

Finally, Petitioner contends that his appellate counsel should have sought an initial en banc hearing on appeal rather than a panel hearing. Petitioner argued in his direct appeal that the trial court erred in sentencing him as a career offender because his prior conviction for aiding and abetting the burglary of an unoccupied elementary school was not a "crime of violence"

9

within the meaning of USSG § 4B1.1(a). Citing controlling precedent, the Eighth Circuit affirmed. *Id.* at 1077 (citing *United States v. Mohr*, 407 F.3d 898, 901 (8th Cir. 2005); *United States v. Peltier*, 276 F.3d 1003 (8th Cir. 2002)). Petitioner now alleges that his appellate counsel was ineffective for failing to request (1) an en banc hearing or (2) an en banc rehearing where the Eighth Circuit Court of Appeals could have revisited this precedent.

Applying the *Strickland* standard, Petitioner must first show that his counsel was objectively unreasonable. 466 U.S. at 687-91. He fails to do so. Nor does Petitioner establish that the Eighth Circuit Court of Appeals would have granted the motion for the hearing en banc.[2] *See* Fed. R. App. P. 35(a) (characterizing an en banc hearing as an extraordinary procedure "not favored and ordinarily [not] ordered"); 8th Cir. R. 35A (reserving right to assess costs on counsel for frivolous en banc rehearing petitions). Furthermore, the trial court departed downward from the range prescribed by the Sentencing Guidelines. Therefore, Petitioner fails to demonstrate any prejudice that arose from appellate counsel's decision not to request an en banc hearing.[3]

In sum, there is no basis to conclude that Petitioner's pretrial, trial, or appellate counsel acted unreasonably in representing Petitioner or that any errors by counsel that Petitioner claims to have occurred, affected Petitioner's substantive rights.

---

[2] Courts of appeals do not uniformly hold that commercial burglaries as crimes of violence. *See United States v. Blahowski*, 324 F.3d 592, 598 (8th Cir. 2003) (citing cases from Fourth, Sixth, Seventh, Tenth, and Eleventh Circuits). The Eighth Circuit has consistently stated that commercial burglaries are crimes of violence. *See, e.g.*, *United States v. Snyder*, 511 F.3d 813, 817 (8th Cir.), *cert. denied*, 128 S. Ct. 2947 (2008); *Blahowski*, 324 F.3d at 595.

[3] The Court also observes that the granting of such a motion is a discretionary function of the appellate court. *See* Fed. R. App. P. 35(a). Because Petitioner has no right to such a hearing, he cannot claim an unconstitutional deprivation of counsel for failure to file a discretionary appeal. *See Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008) (citing *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982)). The Court also notes that the Eighth Circuit denied Oman's petition for rehearing en banc.

### B. Stipulation to the FDIC-insured status of the victim banks

In addition to arguing that his trial counsel's stipulation constituted ineffective assistance of counsel, Petitioner independently raises the stipulation to argue that it deprived him of his right to due process and to trial by jury. Even if the Court assumes that Petitioner meets the procedural bar to review, the stipulation is a matter of trial strategy that does not implicate constitutional concerns. *Poole*, 832 F.2d at 564 (citing *United States v. Sliker*, 751 F.2d 477, 484 (2d Cir. 1984)). Petitioner's claims are therefore procedurally barred. *Anderson*, 25 F.3d at 706.

### C. Improper evidence of prior drug use

Petitioner contends that the government never provided him with notice of its intention to introduce evidence and testimony related to his prior drug use and that the evidence was inadmissible under Federal Rules of Evidence 404(b). This type of evidentiary claim is not cognizable in a section 2255 proceeding. *United States v. King*, 36 F.3d 728, 733 n.5 (8th Cir. 1994). Even if the Court assumes Petitioner's claim is cognizable and his default is excused, Petitioner makes no showing of prejudice, as in the context of Petitioner's ineffective assistance of counsel claim discussed above.

### D. Prosecutorial misconduct

In addition to bringing these claims as ineffective assistance of counsel, Petitioner independently raises a separate claim of prosecutorial misconduct in his habeas petition. Petitioner could have raised these claims on direct appeal, but he did not. Petitioner cannot overcome the procedural bar to raising these claim in a section 2255 petition in light of the Court's conclusion that his ineffective assistance of counsel claims are without merit. Accordingly, Petitioner cannot assert these claims here.

### III. CONCLUSION

An appeal cannot be taken from a final order denying a motion under section 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court cannot grant a certificate of appealability unless the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurors would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a district court rejects claims on procedural grounds, "a [certificate of appealability] should issue where the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Here, Petitioner has not demonstrated that reasonable jurists would find the rejection of Petitioner's claims debatable or wrong. Thus, the Court declines to grant a certificate of appealability.

Based on the files, records, and proceedings herein, and the reasons stated above, IT IS ORDERED THAT:

1. Petitioner's section 2255 motion [Docket No. 1 in Civ. No. 06-5121; Docket No. 149 in Crim. No. 04-77] is DENIED.

2. Petitioner's motion for appointment of counsel and hearing [Docket No. 154 in Crim. No. 04-77] is DENIED.

3. Petitioner is not entitled to a certificate of appealability.

Dated: August 11, 2008

s/ Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge